1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   MICHAEL REAGAN,                          CASE NO. 1:07-cv-00502-AWI-SMS PC

10              Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DISMISSAL OF ACTION
11       v.                                  FOR FAILURE TO OBEY A COURT ORDER

12   OFFICER E. RAMIREZ, et al.,             (Doc. 4)

13              Defendants.

                                          /

14   _____

15       Plaintiff Michael Reagan ("plaintiff") is a state prisoner proceeding pro se in this civil rights

16   action pursuant to 42 U.S.C. § 1983.  On April 4, 2007, the court issued an order striking plaintiff's

17   complaint for lack of signature and requiring plaintiff to file an amended complaint bearing his

18   signature within thirty days from the date of service of the order.  More than thirty days have passed

19   and plaintiff has not complied with or otherwise responded to the court's order.

20       Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local

21   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

22   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

23   control their dockets and "in the exercise of that power, they may impose sanctions including, where

24   appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

25   1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

26   action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

27   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

28   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

1

1   requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

2   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

3   address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

4   comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

5   failure to lack of prosecution and failure to comply with local rules).  In determining whether to

6   dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local

7   rules, the court must consider several factors: (1) the public's interest in expeditious resolution of

8   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

9   the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

10  alternatives. <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130;

11  <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

12      In the instant case, the court finds that the public's interest in expeditiously resolving this

13  litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third

14  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

15  injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air</u>

16  <u>West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of

17  cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

18  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal

19  satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262;

20  <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The court's order requiring plaintiff to file

21  a signed amended complaint expressly stated: "The failure to obey this order will results in dismissal

22  of this action."   Thus, plaintiff had adequate warning that dismissal would result from his

23  noncompliance with the court's order.

24      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, without

25  prejudice, based on plaintiff's failure to obey the court's order of April 4, 2007.

26      These Findings and Recommendations are submitted to the United States District Judge

27  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

28  **days** after being served with these Findings and Recommendations, plaintiff may file written

1 objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

2 Findings and Recommendations."   Plaintiff is advised that failure to file objections within the

3 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

4 1153 (9th Cir. 1991).

5

6 IT IS SO ORDERED.

7 **Dated:    May 18, 2007**                                            **/s/ Sandra M. Snyder**
                                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28